IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT KNOX,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **2:00-cv-01841-UWC** |
| **TUSCALOOSA COUNTY,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION ON ATTORNEY'S FEES FOR TRIAL COUNSEL**

Because the Plaintiff prevailed on one of the two claims made at trial,[1] his trial counsel, Marvin L. Stewart, Jr., is entitled to a reasonable attorney's fee. However, a careful view of the record reveals that Mr. Stewart has never complied with the September 24, 2003, Order requiring him to file a statement of hours expended, services rendered, and expenses incurred in the prosecution of this case. Because of this inexplicable failure,[2] Mr. Stewart's

---

[1] This Court initially found that the Plaintiff had prevailed on both of his claims at trial. The Eleventh Circuit reversed this Court's judgment on the promotion claim, but it affirmed the judgment on the disparate working conditions claim.

[2] In his Petition for Attorney Fees, (Doc. 22), Mr. Stewart purported to "adopt [] and incorporate [] the fee petition and supporting documentation submitted on behalf of co-plaintiff James Wilson in April, 2003, as to the hourly rates claimed, the amount of time invested and the expenses incurred in this matter." (R. 22, Pl.'s Pet. for Att'y Fees.)

First, James Wilson is not a co-plaintiff in this action. He had a completely independent case, styled *James Wilson v. Tuscaloosa County*, No. 2:00-cv-1811 (N.D. Ala. Mar. 30, 2003). Wilson was tried several months before this case was tried.

Second, it is most unreasonable to assume that Mr. Stewart spent precisely the same time, doing precisely the same things, and incurring precisely the same expenses in this case as he did

entitlement to a fee has evaporated.

The record discloses that on October 28, 2003, Mr. Stewart filed a Petition For Attorney Fees. (Doc. 22.) Appended to the motion was an unsigned affidavit of Mr. Stewart relating to services performed in a related case, *Wilson v. Tuscaloosa County*, No. 2:00-cv-1811 (N.D. Ala. Mar. 30, 2003). The notarization date of the affidavit is April 14, 2003– roughly five months prior to the entry of the judgment in this case.

Because Mr. Stewart has utterly failed to support his motion for attorney's fees, it must be denied.

Unfortunately, the denial of the motion has the undesirable effect of depriving the Plaintiff of compensatory damages to which he is entitled. Due to Mr. Stewart's failure to comply with the provision of the Pre-trial Order requiring that he outline Plaintiff's damages by a day certain prior to trial, the Court relieved the Defendant of its obligation to satisfy the damage award and transferred that obligation to Mr. Stewart, to be satisfied from his attorney's fee award. Since Mr. Stewart will not receive attorney's fees, the Plaintiff will not be compensated for the Defendant's violation of 42 U.S.C. § 1981.

By separate order, trial counsel's motion for attorney's fees will be denied.

Done this 11th day of August, 2005.

_____
U.W. Clemon
Chief United States District Judge

---

in *Wilson*. The affidavit in *Wilson* certainly does *not* indicate that any of the hours claimed were actually expended in this case.

This Court would commit plain error by relying on the *Wilson* affidavit.